IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE CANTOR | : | CIVIL ACTION |
| | : | NO. 16-3254 |
| v. | : | |
| | : | |
| NANCY BERRYHILL, ACTING | : | |
| COMMISSIONER OF SOCIAL SECURITY | : | |

## **O R D E R**

**AND NOW**, this **9th** day of **April, 2018**, it is hereby

**ORDERED** that:

(1) Plaintiff's objections (ECF No. 21) are **OVERRULED**;[1]

---

[1] The Court has carefully considered Cantor's objections to Magistrate Elizabeth T. Hey's Report and Recommendation ("R&R") and the Commissioner's response to the objections. There is no need to repeat the history or facts of the case as Judge Hey's R&R adequately relays that information.

The Court concludes that Judge Hey has correctly and sufficiently addressed Cantor's arguments, and, thus, adopts her R&R. Nonetheless, reviewing the issues raised in the objections de novo, Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998), the Court further concludes that:

a. Substantial evidence supports the ALJ's decision to give "little weight" to the opinion of Cantor's treating psychiatrist Randi Mittleman, M.D. As detailed by Judge Hey, Dr. Mittleman's opinion, including that Cantor has marked and extreme limitations, is not adequately supported by Cantor's treatment records or her statements regarding her daily activities and ability to work. Dr. Mittleman's opinion also conflicts with the evaluation of the state agency reviewing physician, Mark Hite, Ed.D. See Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (providing that the ALJ may credit a non-examining physician over a treating physician but must provide valid reasons for doing so). While it is clear that Cantor

suffers from severe impairments, the ALJ's conclusion that Dr. Mittleman's analysis of her limitations lacked sufficient corroboration in the record is supported by substantial evidence.

The Court disagrees with Cantor that the ALJ's provided rational is not specific enough for proper review. Having read the same record as the ALJ and having read her opinion as a whole, the Court finds that the reasons for the ALJ's conclusions are evident and reviewable on their face without resorting to proscribed post-hoc rationale. Fargnoli v. Massanari, 247 F.3d 34, 44 n.7 (3d Cir. 2001) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.") (quoting SEC v. Chenery Corporation, 318 U.S. 80, 87 (1943)).

The Court further disagrees that the ALJ substituted her own judgment for that of the physicians. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) ("[A]n ALJ is not free to employ her own expertise against that of a physician who presents competent medical evidence."). Instead, as detailed by Judge Hey, it is apparent that the ALJ reviewed the evidence, adequately explained the weight she gave to it, and relied on the evidence she found persuasive in rendering her decisions.

Contrary to Cantor's argument, the ALJ did not err in considering her activities of daily living and statements regarding her social life and ability to work, especially when those activities and statements were relevant to how Cantor might handle anxiety and stress around other people in a work setting. See Russo v. Astrue, 421 F. App'x 184, 188-89 (3d Cir. 2011) (recognizing that the Regulations require an ALJ to assess activities of daily living among other factors).

The issue is not whether there is evidence in the record to support Cantor. Instead, the question is whether there is substantial evidence to support the decision of the ALJ. Here, such evidence exists.

   b.   The ALJ did not legally err in concluding that Cantor failed to meet section C of listing 12.04. As Judge Hey concluded, other than Dr. Mittleman's single checkbox response, there are no medical records indicating that Cantor ever had an episode of decomposition or that she was likely to have one in

(2) The Court **APPROVES** and **ADOPTS** Magistrate Judge Elizabeth T. Hey's Report and Recommendation (ECF No. 20);

(3) Plaintiff's request for review (ECF No. 13) is **DENIED**; and

(4) The Clerk of Court shall mark this case as **CLOSED**.

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO,    J.**

---

the future. Moreover, as discussed above, the ALJ did not err in significantly discounting Dr. Mittleman's opinion.

The single checkbox response is also weak evidence, especially since it was not accompanied by a relevant explanation as to why "even a minimal increase in mental demands or change in the environment" would likely cause Cantor to decompensate. Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993)("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best.").

Finally, I agree with Judge Hey that although the ALJ's direct discussion regarding section C is brief, a review of the decision as a whole shows that she considered the relevant evidence and adequately described how she weighed it. Contrary to Cantor's argument, the ALJ did not merely summarize the medical evidence and then state a bald conclusion.

In that the ALJ did not commit a reversible error and her decision is supported by substantial evidence, Cantor's objections must be overruled, the R&R adopted, and the ALJ's decision affirmed.

3